IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC BROWN,

    Petitioner,                      No. 2:10-cv-00578 JAM KJN P

    vs.

GARY SWARTHOUT, Warden,

    Respondent.                  FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that his federal constitutional right to due process was violated by a 2009 decision of the Governor of California that reversed a 2008 decision of the California Board of Parole Hearings ("the Board") granting petitioner a parole date.

        The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

1        A protected liberty interest may arise from either the Due Process Clause of the
2 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an
3 expectation or interest created by state laws or policies." <u>Wilkinson v. Austin</u>, 545 U.S. 209,
4 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create
5 a protected liberty interest in a parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454
6 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no
7 constitutional or inherent right of a convicted person to be conditionally released before the
8 expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory
9 language, 'creates a presumption that parole release will be granted' when or unless certain
10 designated findings are made, and thereby gives rise to a constitutional liberty interest."
11 <u>Greenholtz</u>, 442 U.S. at 12; <u>see</u> <u>also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 376-78 (1987) (a
12 state's use of mandatory language ("shall") creates a presumption that parole release will be
13 granted when the designated findings are made.).

14        California's parole statutes give rise to a liberty interest in parole protected by the
15 federal due process clause.  <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL
16 197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless
17 there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181,
18 1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002); <u>see</u> <u>also</u> Cal. Penal
19 Code § 3041(b) (parole release date shall be set unless the Board determines "that consideration
20 of the public safety requires a more lengthy period of incarceration"); Cal. Code Regs. tit. 15, §§
21 2281, 2401 (setting forth the factors to be considered by the Board in making the assessment
22 required by Cal. Penal Code § 3041(b)).  The Board's decision may be affirmed, modified or
23 reversed by the Governor within thirty days, Cal. Penal Code § 3041.2, "on the basis of the same
24 factors which the parole authority is required to consider," set forth in a report "stating the
25 pertinent facts and reasons for the action," Cal. Const. art. V, § 8(b).

26        In <u>Swarthout</u>, the United States Supreme Court reversed two Ninth Circuit

decisions that had each examined the sufficiency of evidence supporting a determination that petitioner continued to pose a threat to public safety; in the first case, the Ninth Circuit had reversed the Board's denial of parole, Cooke v. Solis, 606 F.3d 1206, 1213 (2010); in the second case, the Ninth Circuit reversed the Governor's reversal of the Board's grant of parole, Clay v. Kane, 384 Fed. Appx. 544, 546 (2010). The Supreme Court reversed the Ninth Circuit Court of Appeals' judgments in both cases, holding that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at *3 ("Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court decided the case correctly."). Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at *2-3. Provided these procedural requirements are met, it is of no consequence that the final parole decision is made by the Governor rather than the Parole Board. Id. at *3; see also Tash v. Curry, 2011 WL 304377 (9th Cir. Feb. 1, 2011) (reversed decision of district court that had granted habeas petition based on finding that Governor's reversal of Board's grant of parole was not supported by some evidence of future dangerousness, citing Swarthout).[1]

Thus, "the beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Swarthout at *3. Here, the record reflects that petitioner was present, with counsel, at the November 25, 2008 parole hearing, that petitioner was afforded access to his record in advance, that petitioner participated in the hearing, and that, though the Board found petitioner eligible for parole, the

---

[1] The Tash decision is designated "Not for Publication." See Circuit Rules 32.1, Rule 36-3, Rules of the United States Court of Appeals for the Ninth Circuit.

1  Governor, on April 22, 2009, applying the same factors, denied parole with a clear statement of
2  reasons. (Dkt. No. 1, at 107-230, 249-252.) According to the United States Supreme Court, the
3  federal due process clause requires no more. The court finds, therefore, that petitioner's due
4  process challenge is without merit.

5  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
6  a writ of habeas corpus be denied.

7  These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
9  one days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties. Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files
12 objections, he shall also address whether a certificate of appealability should issue and, if so, why
13 and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
14 the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
15 § 2253(c)(3). Any response to the objections shall be filed and served within fourteen days after
16 service of the objections. The parties are advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
18 F.2d 1153 (9th Cir. 1991).
19 DATED: February 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow0578.Gov.Rev.157

4